IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RODDRICUS CORDELL MAITEN     *
AIS # 276640,                *
                             *
    Plaintiff,               *
                             *
vs.                          * CIVIL ACTION NO. 11-0305-WS-B
                             *
JOHN TUCKER,                 *
                             *
    Defendant.               *

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis* filed a complaint seeking relief under 42 U.S.C. § 1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on Defendant John Tucker's motion for summary judgment. (Docs. 11, 12, 17). Upon review, the undersigned finds that no evidentiary hearing is necessary as the record is fully developed. For the reasons stated herein, the undersigned recommends that Defendant John Tucker's Motion for Summary Judgment be **GRANTED** and that this action be dismissed with prejudice.

I.  SUMMARY OF FACTUAL ALLEGATIONS

From its review of the record, the Court summarizes the allegations that are material to the issues addressed in this Report and Recommendation. The record reflects that while

1

Plaintiff Roddricus Maiten was originally incarcerated at Perry County Jail as a pretrial detainee, on February 9, 2011, mere days before the incident in question, Maiten pled guilty to Assault in the First Degree, and received a twenty-year sentence, with a split of three years to serve. (Doc. 11-3 at 4-6). According to Maiten, on February 13, 2011, he and Defendant John Tucker, a jailer at the Perry County jail, engaged in a physical altercation during which Tucker assaulted him. (Doc. 1 at 4). Maiten alleges that around 10:00 a.m., he pushed the intercom button and requested that ice be brought to his jail cell. Maiten further asserts that officer Tucker arrived at his cell around 10:25 and yelled that "if [Maiten] push[ed] the intercom button again[,] he would cut [Maiten's] head smooth off!" (Id.). Maiten states that Tucker then kicked the ice bucket very hard by the cell door causing it to hit Maiten's foot. (Id.). Maiten asserts that in response, he threw a cup of drinking water on Tucker, and that Tucker proceeded to pull out a pocketknife that was the length of a "bic pen", with a blade the width of "a steak knife". (Id.). Maiten further states that Tucker cut him on his "right shoulder" and the lower side of his "right arm", and that he grabbed Tucker's arm in order to disarm him of the knife. (Id.). According to Maiten, Tucker then became physically

2

aggressive with him and they began wrestling for the knife. (Id. at 4-6). Maiten asserts that he punched officer Tucker in the face whereupon, Tucker dropped the knife and fell. (Id.). Per Maiten, he then kicked the knife away from Tucker, and a trustee grabbed him from behind. (Id. at 6). Maiten asserts that Tucker picked up his pocketknife and threaten to kill Plaintiff as Tucker walked towards him. (Id. at 5). Maiten states that the jail trustee "let go of his hold on me, and I ran back into my cell and shut the door". (Id.).

In a sworn affidavit, Defendant Tucker gives a slightly different version of the altercation that occurred on February 13, 2011. Tucker asserts that as part of his regular shift duties, he was in the process of delivering ice to the day room attached to Maiten's cell, and that when he opened the door to the room, Maiten threw water on him and began to hit him in his face. (Doc. 11 at 2; Doc. 11-1 at 1). According to Tucker, a nearby inmate "trusty" stepped in and restrained Maiten. (Id.). Tucker asserts that the altercation lasted only a few seconds, and that he sustained an injury to his lip as a result. (Id.). Tucker denies the presence of a knife, and further denies that Maiten was cut. (Id.).

The record evidence reflects Maiten was charged with assaulting Defendant Tucker, and that on May 23, 2011, he pled

3

guilty and was sentenced to twelve months in prison[1]. (Doc. 11-2). Two days later, Maiten signed the instant complaint. (Doc. 1). In his complaint, which was received by the Clerk's Office on June 9, 2011, Maiten alleges that Tucker assaulted him. (Id. at 6). Maiten also asserts that he has witnesses to the incident and scars from the cut of the knife. (Id.). Maiten requests "the case be dismissed" and the payment of "fifty thousand dollars" and "all court cost and attorney fees." (Id. at 8).

Tucker filed an answer to the complaint, and a special report wherein he denies Maiten's claim. (See Docs. 11, 11-1, 11-2, and 11-3). In an Order dated April 8, 2013 (Doc. 17), the Court converted Tucker's special report and answer into to a motion for summary judgment, and afforded the parties an opportunity to respond. Neither party has submitted any additional materials, and the Court finds that the motion is ripe for resolution.

---

[1] The Grand Jury issued an indictment that charged as follows:

> . . . RODDRICUS MAITEN . . .did on or about FEBRUARY 13, 2011, commit the crime of assault in the second with intent to prevent JAILER JOHN TUCKER, from performing a lawful duty, he intend to cause physical injury and he cause physical injury to JAILER JOHN TUCKER by dashing water and hitting Mr. Tucker in his face with his fist, in violation of Section 13A-6-2l(a)(4) of the Code of Alabama, against the peace and dignity of the State of Alabama.

(Doc. 11-2).

**II. SUMMARY JUDGMENT STANDARD**

In analyzing the propriety of a motion for summary judgment, the Court begins with these basic principles. Under Federal Rule of Civil Procedure 56(e) "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact….'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(c)).

The Court must view the evidence produced by "the nonmoving party, and all factual inferences arising from it, in the light most favorable to" that party. Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989). However, the Court is only to "make all reasonable inferences in favor of the party opposing summary judgment . . . not to make all *possible* inferences in the nonmoving party's favor." Torjagbo v. United States, 285 Fed. App'x 615, 619 (11th Cir. 2008) (emphasis in original).

Federal Rule of Civil Procedure 56(e) further provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or

>    address the fact;
>
>    (2) consider the fact undisputed for purposes of the motion;
>
>    (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
>    (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (internal citations omitted). "Summary judgment is mandated where a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Custom Mfg. & Eng'g, Inc. v. Midway Servs., 508 F.3d 641, 647 (11th Cir. 2007) (citations omitted).

In a civil action filed by an inmate, although drawing "all justifiable inferences in [the inmate's] favor," federal courts:

>    must distinguish between evidence of disputed facts and disputed matters of professional judgment.

6

> In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

Beard v. Banks, 548 U.S. 521, 529-30, 126 S. Ct. 2572, 165 L. Ed. 2d 697 (2006) (internal citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769, 67 L. Ed. 2d 686 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

### III. DISCUSSION

As a preliminary matter, the undersigned observes that although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as de facto counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010); see also Giles v. Wal-Mart Distrib. Ctr., 359 Fed. App'x 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than

7

pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). Based upon a liberal construction of Maiten's complaint, the Court construes his factual allegations as asserting a federal excessive force claim and an assault claim based upon his altercation with Defendant Tucker on February 13, 2011.

### A. Excessive Force

Turning first to Maiten's excessive force claim, it appears that at the time of the incident, Maiten had been recently convicted of assault in the first degree, such that the Eighth Amendment is applicable to his excessive force claim whereas if his status at the time of the altercation was that of a pretrial detainee, the Fourteenth Amendment would be applicable. See Williams v. Limestone County, Alabama, 198 Fed. App'x 893, 896 n.3 (11th Cir. 2006). However, under either analysis, the result is the same. Bozeman v. Orum, 422 F. 3d. 1265, 1271 (11th Cir. 2005) ("it makes no difference whether [plaintiff] was a pretrial detainee or a convicted prisoner because 'the applicable standard is the same. . ."). In Eighth and Fourteenth Amendment excessive forces cases, the "core judicial inquiry" is "whether force was applied in a good-faith

effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 599 U.S. 34, 37, 130 S. Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010).

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487.

The Supreme Court gave the following as an example of a § 1983 suit that would be barred:

> A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest . . . . He then brings a § 1983 action against the arresting officer seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of the state law concerning res judicata the § 1983 action will not lie.

Id., 512 U.S. at 487, n. 6 (citations omitted) (emphasis in original).

In this action, Maiten does not contest Defendant Tucker's showing that on May 23, 2011, Maiten pled guilty to assaulting Tucker on February 13, 2011 and received a sentence of twelve

9

months imprisonment. Further, Maiten does not allege and the record does not reflect that his conviction or sentence has been reversed or invalidated. Thus, pursuant to Heck, Maiten cannot recover damages for excessive force arising out of the very same incident for which he was convicted because such recovery would have the effect of rendering his conviction and sentence invalid. Accordingly, Maiten's excessive force claim against Tucker is due to be dismissed because it is barred by Heck.

**B. Assault**

Turning next to Maiten's state assault claim, the undersigned observes that "[i]n this Circuit, the use of a criminal conviction as conclusive of an issue in subsequent civil litigation is well-established." Dawson v. Quaites, 2012 U.S. Dist. Lexis 131302 (S.D. Ala., Sept. 13, 2012); Styron v. City of Foley, 2005 U.S. Dist. LEXIS 30076 (S.D. Ala., Nov. 18, 2005)(quoting Parris v. Town of Alexander City, 45 F. Supp.2d 1295, 1300 n.6 (M.D. Ala. 1999)); see also Matter of Raiford v. Abney, 695 F.2d 521, 523 (11th Cir. 1983)). In Styron, the court held that the plaintiffs, who had been convicted of obstructing governmental operations, resisting arrest, and assault in the third degree, were precluded from asserting that their arrests or imprisonments were unlawful, or that the

10

physical force used by the officers during those events was unlawful. The court determined that the plaintiffs' convictions conclusively established that during the incident in question, they caused physical injury to the officers, and their use of physical force was not justified as self-defense. Thus, they were precluded from maintaining a civil suit against the officers for the incident in question.

Much like the facts in Styron, the undisputed facts in this case demonstrate that Maiten pled guilty and was convicted of assaulting Defendant Tucker on May 23, 2011. Maiten's conviction involved the same February 13, 2011 altercation upon which his pending assault claim is based. His conviction conclusively established that his conduct was wrongful; therefore, he is precluded from pursuing his assault claim.

**IV. CONCLUSION**

Based on the foregoing, it is recommended that John Tucker's motion for summary judgment be **GRANTED** and that Plaintiff's action against said Defendant be dismissed with prejudice.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within

11

fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **18th** day of **February, 2014.**

                                   **/s/ SONJA F. BIVINS**
                           **UNITED STATES MAGISTRATE JUDGE**